# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHRISTOPHER MATTHEW MILES,**

    **Plaintiff,**

vs.                         CASE NO.  4:23-CV-00534-AW-MAF

**PATENT PROFESSORS[1],**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Christopher Matthew Miles, a pretrial detainee currently housed at Florida State Hospital and proceeding *pro se*, filed an amended complaint pursuant 42 U.S.C. § 1983. ECF No. 5. Plaintiff filed an incomplete motion to proceed *in forma pauperis* (IFP) and did not pay the filing fee. ECF No. 3. This Court screened Plaintiff's amended complaint as required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and construed Plaintiff's allegations liberally, Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Twice, the Court ordered Plaintiff to either file a complete IFP motion or pay the filing fee. ECF Nos. 4 and 7. Plaintiff had until **February 23, 2024**, to comply, but Plaintiff did not

---

[1] Plaintiff filed an amended complaint, which lists Patent Professors as the sole Defendant. ECF No. 5. The Clerk shall update the docket to reflect the same.

do so. ECF No. 7. For the reasons stated it is recommended that the complaint be dismissed and the case be closed.

## I. Standard of Review

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court may also dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Iqbal, supra.

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of

facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).  A brief discussion of the procedural history is warranted.

## II. Procedural History

Plaintiff initiated this case with a complaint against multiple defendants, but it was not on the proper form. ECF No. 1. The Court found the complaint legally insufficient and gave Plaintiff until January 29, 2024, to amend. ECF No. 4. The Court advised Plaintiff that to succeed in a Section 1983 action, he must show that Defendants are state actors or dismissal was likely. Id., p. 8. Plaintiff also filed an incomplete motion to proceed IFP, which the Court denied. ECF Nos. 3 and 4.

Case No.  4:23-cv-00534-AW-MAF

Plaintiff later filed an amended complaint naming "Patent Professors Corporation" as the sole Defendant. ECF No. 5. Plaintiff filed another incomplete IFP motion, which the Court denied. ECF Nos. 6 and 7. The Court provided Plaintiff with another IFP form and gave him until February 23, 2024, to either file the IFP motion or pay the $405 filing fee. ECF No. 7. As of the date of the drafting of this report, Plaintiff did not comply.

### III. Plaintiff's Amended Complaint, ECF No. 5.

Plaintiff sued Patent Professors Corporation, a law firm, in its official capacity. ECF No. 5, pp. 1-2. According to Plaintiff, he developed a database called "Health Database System (HDS) for his dissertation. Id. The plan included a "call center of doctors diagnosing and relieving the patient on the way to the hospital," the "tracking of hereditary diseases," a birth to death image "depository," and the tracking of other personal information. Id., p. 5. Plaintiff states that Patent Professors advised him that the patent for his business plan would cost $4,000 but did not offer a payment plan. Id. Plaintiff alleges that, before he could save enough money to pay Patent Professors, several companies used his idea, which amounts to theft of his property. Id., pp. 5-6. Plaintiff believes that Patent Professors is responsible. Id. Plaintiff offers no dates for when the alleged events occurred. Id.

As relief, Plaintiff seeks $50,000,000 from Patent Professors or "failing to represent [him] and defending the theft of [his] patent" and $4,000 for "the exclusive rights to [his] patent." Id., p. 7.

## IV. Discussion

Plaintiff amended his complaint but did not correct the deficiencies this Court previously identified. See ECF No. 4. Each deficiency is discussed below.

### A. Plaintiff's Complaint is a Shotgun Pleading

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(1), and the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015) (citing Fed. R. Civ. P. 10(b)).

A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Vibe

Case No.  4:23-cv-00534-AW-MAF

Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (citing Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015)). "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" and district courts have "'the inherent authority to control [their] dockets and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." Id. Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed. In Weiland, supra, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." 792 F.3d at 1321.

The most common type of shotgun pleadings are complaints "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. Next, are complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id., at 1322. Third, are complaints that do not separate "into a different count each cause of action or claim for relief." Id., at 1323. Finally, the fourth kind of shotgun pleading is one that "[asserts] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id.

Case No. 4:23-cv-00534-AW-MAF

Plaintiff's complaint is a shotgun pleading because Plaintiff does not properly attribute acts or omissions to the Defendant. ECF No. 5. Plaintiff states conclusory, vague, and immaterial facts that are insufficient to state a constitutional claim. Id. Aside from a patent consultation, Plaintiff presents no facts suggesting that the law firm misappropriated Plaintiff's database design. Id. Plaintiff cannot simply "plead the bare elements of [a] cause of action," he must provide facts, which presents a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701, 708-09 (11th Cir. 2010). Plaintiff fails to plead any facts that substantiate a constitutional violation. At best, Plaintiff alleges malpractice or civil theft; but without any dates, it cannot be determined whether the statute of limitations has passed.

To succeed on a Section 1983 claim, a plaintiff must "prove that a person acting under color of state law committed an act that deprived him of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) (citing 42 U.S.C. § 1983); Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). Private citizens (or entities) cannot be liable under Section 1983 unless they are "jointly engaged" with government officials in the challenged action. See Dennis v. Sparks, 449 U.S. 24, 28 (1980). In short, a plaintiff must show that the defendant "conspired with one or more state

Case No.  4:23-cv-00534-AW-MAF

actors." Rowe v. Fort Lauderdale, 279 F.3d 1271 (11th Cir. 2002) citing NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990).

Here, Plaintiff offers no facts to suggest the law firm is a state actor, nor does he make any apparent connection to any government official. Plaintiff's amended complaint fails to state a claim. ECF No. 5.

B. Plaintiff Did Not File an IFP Motion and Did Not Pay the Filing Fee

"A party who files . . . a civil case must simultaneously either pay any fee required . . . or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915." N.D. Fla. Loc. R. 5.3. The IFP motion must be supported by copies of Plaintiff's inmate account statement for the six (6) month period immediately preceding the filing of the complaint.

The Court provided Plaintiff with the proper form and directed him to either complete the IFP application and submit the supporting inmate account statements or pay the $405 filing fee by January 29, 2024. ECF No. 4. The Court advised Plaintiff that his case would not proceed without a proper IFP application or payment of the fee. Id. Plaintiff refiled an IFP motion, but the Court denied it because it was incomplete. ECF Nos. 6 and 7. The Court gave Plaintiff another opportunity, until February 23, 2024, to refile or pay the filing fee, but Plaintiff did not comply. Id.

Case No. 4:23-cv-00534-AW-MAF

### C. Failure to Follow a Court Orders

Federal Rule of Civil Procedure 41(b) provides that if a plaintiff fails to comply with a court's orders, the plaintiff's claims or actions may be dismissed. Moreover, a district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). "A district court need not tolerate defiance of reasonable orders." Id. Therefore, when the undersigned issues reasonable orders, which are ignored, he may recommend the dismissal of a case for failure to comply with those orders. See Freeze v. Sec'y, Dep't of Child. and Fams., 825 F. App'x 606, 610 (11th Cir. 2020) (citing Moon v. Newsome, 863 F.2d 835, 839 (11th Cir. 1989)).

As previously stated, Plaintiff had until February 23, 2024, to submit an IFP motion or pay the fee, but he has not done so. ECF No. 7. Such defiance to this Court's order need not be tolerated. Id. Dismissal is appropriate.

### V. Conclusion and Recommendation

The Clerk of Court is directed to correct the docket to reflect that Patent Professors is the sole Defendant in this case.

Case No.  4:23-cv-00534-AW-MAF

For the reasons stated, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint be **DISMISSED** for failure to state a claim and because he failed to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**DONE AND ORDERED** this 5th day of March, 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No.  4:23-cv-00534-AW-MAF